UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS,

                Plaintiff,

    v.

THE WASHINGTON STATE INDETERMINATE SENTENCE REVIEW BOARD, *et al.*,

                Defendants.

Case No. C22-5404-BHS-MLP

REPORT AND RECOMMENDATION

       Plaintiff John Demos, Jr., a state prisoner, has filed a proposed complaint under 42 U.S.C. § 1983 and a proposed motion to proceed *in forma pauperis* ("IFP"). (Dkt. # 1, 1-1.) Plaintiff alleges in his proposed complaint that COVID-19 testing of institutional staff at the Washington State Penitentiary, where Plaintiff is currently confined, is insufficient and places him in imminent danger. (Dkt. # 1-1 at 4.) Plaintiff further alleges that the failure of the Indeterminate Sentence Review Board ("ISRB") to find him paroleable keeps him confined in a prison that is highly infected with COVID-19, is understaffed, and has a shortage of medical and mental health staff, all of which places him in imminent danger. (*See id.* at 5.) Finally, Plaintiff

REPORT AND RECOMMENDATION
PAGE - 1

alleges that the Governor of the State of Washington has failed "to adequately control, supervise, and direct" the ISRB in contravention of his constitutional duty to ensure that the laws are faithfully executed. (*Id.* at 9.) Plaintiff claims that, as a result of Defendants' actions, he has suffered mental, emotional, and psychological injury. (*Id.*)

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order"). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *Id.* at 3.

The Court observes that Plaintiff has already exceeded his annual limit of IFP applications and proposed actions for this year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00507-JCC (W.D. Wash.); *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00502-LK (W.D. Wash.); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM (W.D. Wash.); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash.). The Court further observes that Plaintiff did not submit with his proposed complaint the separate affidavit that the 1992 Bar Order requires.

Based on the foregoing, this Court recommends that Plaintiff's complaint (dkt. # 1-1) and this action be dismissed without prejudice, and that Plaintiff's IFP application (dkt. # 1) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 15, 2022**.

Dated this 17th day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3